# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2022

Lyle W. Cayce
Clerk

No. 21-60235
Summary Calendar

---

Sandra Elizabeth Reyes; Jonathan H. Reyes; Ashli N. Sepeda Reyes; Marjori E. Reyes Reyes,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 871 451
Agency No. A208 871 452
Agency No. A208 871 453
Agency No. A208 871 454

---

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60235

Sandra Elizabeth Reyes, with her minor children as derivative beneficiaries, all natives and citizens of El Salvador, filed a petition for review of the decision of the Board of Immigration Appeals (BIA), that affirmed, without an opinion, the decision of the immigration judge (IJ) denying asylum and withholding of removal. We review the IJ's decision because, absent a BIA opinion, it is the final agency decision. *Soadjede v. Ashcroft*, 324 F.3d 830, 831-32 (5th Cir. 2003).

Reyes did not file an appeal brief before the BIA, and her claim for withholding of removal was not mentioned in the notice of appeal to the BIA. Because that claim is not exhausted, it is DISMISSED for lack of jurisdiction. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1).

However, the notice of appeal to the BIA preserved, albeit in a conclusional manner, the basic asylum issues of whether Reyes was persecuted or had a well-founded fear of persecution on account of her membership in a particular social group (PSG) identified as nuclear family members forced to relocate due to the murder of a loved one. Accordingly, we review her asylum claims under the substantial evidence standard to determine whether the evidence compels a decision contrary to the IJ's. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Reyes's conclusional assertions that she was threatened by gang members after her aunt was murdered do not compel the conclusion that she was or will be persecuted on account of her proposed PSG. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009); *Vazquez-Guerra v. Garland*, 7 F.4th 265, 269 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). Neither do Reyes's bare assertions address or refute the IJ's conclusion that her proposed PSG was lacking in particularity. In sum, Reyes has not shown that

the evidence compels a decision contrary to the IJ's. *See Zhang*, 432 F.3d at 344. The petition for review is DENIED with respect to her asylum claim.

Petition DENIED in part; DISMISSED in part.